(No. 17956.—Reversed and remanded.)
The Paradise Coal Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Thomas Yates, Defendant in Error.)

*Opinion filed February 16, 1927.*

Workmen's compensation—*what necessary to justify award for permanent total disability—burden of proof.* An award for permanent total disability cannot rest on conjecture or surmise but the proof must be sufficient to support the legitimate conclusion that the employee is rendered wholly and permanently incapable of work as a result of the injury complained of, and the burden is on the applicant to establish this by competent evidence.

Writ of Error to the Circuit Court of Perry county; the Hon. Louis Bernreuter, Judge, presiding.

George D. Anthony, for plaintiff in error.

J. B. LEWIS, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Thomas Yates on October 6, 1924, filed with the Industrial Commission an application for the adjustment of his claim for compensation, which he alleged arose out of an accidental injury suffered on July 23, 1923, while employed by the Paradise Coal Company. After a hearing before an arbitrator Yates was awarded $15 a week for a period not to exceed 266⅔ weeks for temporary total incapacity for work. Upon review the Industrial Commission on February 23, 1925, awarded Yates compensation at the rate of $15 per week for 266⅔ weeks and thereafter a pension for life of $26.66 per month, which award was confirmed by the circuit court of Perry county. By leave of court the record is before this court for review upon writ of error.

Yates testified that on July 23, 1923, "I was trying to push an empty car, and the car came back on me and pushed me down the hill and hurt my side, back and knee and skinned my leg and one arm." He also testified to a total inability to perform manual labor. His chief grounds of complaint were trouble in the right side of his back, in his right knee, inability to stoop and difficulty in walking on uneven ground. The evidence showed that he has flat feet, which defect was in no way connected with the injury. He received an injury to his right hip February 14, 1920, causing stiffness of his right knee. He was treated for this injury by a physician until January, 1921, when he was sent to a St. Louis hospital, where his hip was stretched and put in a cast. It was twenty-two months from the time of this injury until his return to work. One physician testified that on examination Yates' back showed a thinning out of the lumbar muscles on the right side and a separation or tearing of the ligaments on the right side

of the back in that region.  The examination also showed osteo-arthritis, not due to trauma.  He also testified that the condition he found would interfere with work requiring lifting, and that it would be pretty apt to be permanent. He did not express an opinion as to the cause of the condition or as to the length of time it had existed.  Three other physicians examined Yates, one of them taking an X-ray.  They testified that their examinations did not reveal the diseased condition of Yates' back.  They also testified that the condition described by the other medical witness could not be occasioned by an accident occurring in the manner testified to by Yates.

As the judgment and order in this case must be reversed and the cause remanded for a further hearing, no good purpose would be subserved by discussing the evidence further in detail or commenting on the weight to be attached to the testimony of the various witnesses.  Suffice it to say, the evidence at present does not meet the requirement of the rule that an award for permanent total disability cannot rest on conjecture or surmise, but the proof must be sufficient to support the legitimate conclusion that the employee is rendered wholly and permanently incapable of work as a result of the injury complained of, and the burden is upon the applicant to establish this by competent evidence.  *Mt. Olive Coal Co.* v. *Industrial Com.* 320 Ill. 618.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions to set aside the award and remand the case to the Industrial Commission for further hearing upon any competent testimony which either party may see fit to offer.

*Reversed and remanded, with directions.*